IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KATHRYN PETERSON CARTWRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:17-cv-01464 |
| v. ) | |
| ) | |
| ESTATE OF DELBERT LEROY PETERSON, JR. ) | JUDGE RICHARDSON |
| And DEBORAH ANN COLVIN-PETERSON, ) | MAGISTRATE JUDGE BROWN |
| ) | |
| Defendant. ) | |

**ORDER**

A telephone conference was held in this matter concerning the possibility of ADR and the need to modify the scheduling order.

This is complicated piece of litigation that involves several state court proceedings because of probate of various estates involving both Kentucky and Tennessee state court. The parties advise there is a hearing this coming Friday which may determine the disposition of a substantial amount of stock. Counsel for the Plaintiff has sought a settlement conference in this case. The Peterson Estate and Trust was at best lukewarm about the prospects of such ADR. Mrs. Colvin-Peterson, who is Pro Se, believed there would be no chance of settlement since the parties had not changed their position since an earlier private mediation failed.

The Magistrate Judge is willing to refer the matter to another Magistrate Judge for ADR if it appears there is a reasonable chance such a mediation would be successful. Given the present state of the case, and the position of the parties, it does not appear likely. Never the less, should circumstances change because of decisions in the state court proceedings or other developments

the undersigned is more than willing to refer the matter to a Magistrate Judge at a future request of the parties. ADR will be available at any point prior to the trial in this matter.

The conference then turned to the present scheduling order (DE 114). That scheduling order needs to be modified to allow for supplement to previous discovery and to the submission of expert reports and depositions of the disclosed experts, as well as a modified schedule for dispositive motions and a new recommended trial date.

All parties in accordance with Rule 26 will supplement previous reports if supplementation is necessary by August 14, 2019. If no supplementation is necessary, a party should notify the other parties of that fact. Of course, regardless of the deadline, supplementation under Rule 26 is required at any time circumstances change to require a supplementation.

The Plaintiff stated if there were supplementations, the Plaintiff would need to make minor modifications to the complaint in order to account for additional accounts which had been disclosed. Any such motion to amend the complaint are limited to those items.

The previous scheduling order, (DE 114) is further amended to provide the Plaintiff will make their expert disclosures and reports in accordance with Rule 26 by October 9, 2019. The Defendant will make their expert disclosures and reports by November 8, 2019.[1] The Parties will complete all depositions of expert witnesses by December 13, 2019. There will be no rebuttal experts absent Court permission.

The parties will file their dispositive motions by January 27, 2020 and any responses will be due 28 days there after and replies, limited to 5 pages, will be due 14 days after any responses.

/ / /

/ / /

---

[1] The Magistrate Judge had added a few days to the November 1, 2019 date which was discussed during the conference.

In view of these new deadlines, the Magistrate Judge recommends this estimated four date bench trial be set for trial on or after June 30, 2020.

SO, ORDERED.

/s/ Joe B. Brown_____
Joe B. Brown
United States Magistrate Judge